Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DEGUZMAN, an individual, ) | Case No.:  12CV2064-JM-DHB |
| ) | |
| Plaintiff ) | **FIRST AMENDED COMPLAINT AND** |
| ) | **DEMAND FOR JURY TRIAL (Unlawful** |
| v. ) | **Debt Collection Practices)** |
| ) | |
| LEGAL RECOVERY LAW OFFICES, ) | |
| INC., a Corporation; MIDLAND ) | |
| CREDIT MANAGEMENT, INC. and ) | |
| DOES 1 through 10 inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## I.  INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and invasion of privacy.

## II.  JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.     Plaintiff VICTOR DEGUZMAN, is a natural person residing in the state of California, County of San Diego.

4.     Defendant LEGAL RECOVERY LAW OFFICES, INC. ("LRLO") is a corporation doing business of collecting debts in California operating from an address at 5030 Camino de la Siesta, Suite 340, San Diego, CA 92108.

4.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND") is a limited liability company doing business of collecting debts in California operating from an address at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5.     Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and MIDLAND is a debt collector as defined by the Rosenthal Act, California Civil Code 1788.2(c).

6.     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in

all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

11. At all times relevant LRLO was the agent of MIDLAND. MIDLAND is vicariously liable for the acts and omissions of LRLO.

## IV.  FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. At a time unknown, MIDLAND acquired information regarding a debt (the "Debt") that Plaintiff allegedly incurred.

14. MIDLAND and LRLO then began an effort to collect the Debt from Plaintiff.

15. In or around October 2011, LRLO began calling Plaintiff in an attempt to collect the DEBT.

16. For approximately four months, LRLO was calling Plaintiff on a near daily basis Monday through Saturday.

17. Within five days from the initial communication, LRLO did not send Plaintiff the notice required by 15 U.S.C. §1692g.

18. The representative from LRLO informed Plaintiff regarding the Debt and Plaintiff requested validation.

19. LRLO did not send Plaintiff the requested validation.

20.     LRLO continued its harassing and excessive calls.

21.     Plaintiff is in the Navy and LRLO called Plaintiff's place of employment and spoke to a watchstander on the quarter-deck.

22.     The LRLO representative told the individual at the Plaintiff's place of employment that they were calling from Legal Recovery Law Office.

23.     A LRLO representative called Plaintiff and "spoofed" the caller ID so it appeared to Plaintiff that the call was coming from his Navy employer.

24.     Plaintiff answered the phone believing it to be his employer and spoke to a LRLO representative.

25.     Plaintiff asked the LRLO representative if he changed his caller ID; the representative admitted to doing so.

26.     After the completion of that phone call, the LRLO representative immediately called Plaintiff back.

27.     As a result of the acts alleged above, Plaintiff suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

28.     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

29.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

(b)     The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c)     The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating

with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(d)    The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(e)    The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(f)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(g)    The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(h)    The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her true identity;

(i)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(j)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(k)    The Defendants violated 15 U.S.C. § 1692e(14) by including in a communication a name other than the true name of the debt collector's business;

(l)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

(m)    The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication; and

(n)    The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection activities after the Plaintiff made a timely validation request.

30.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.   SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the Rosenthal Act)

31.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32.    Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)    The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's true identity;

(b)    The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(c)    The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(d)    The Defendants violated California Civil Code §1788.12(a) by communicating with the Plaintiff's employer regarding the debtor's debt;

(e)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; and

(f)     The Defendants violated California Civil Code §1812.700 by failing
        to include the notice required by this section.

33.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34.     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35.     Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

### (Against all Defendants for Invasion of Privacy)

36.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

38.     Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

39.     Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

40.     As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

41.     Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//
//
//
//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

      (a)   Actual damages;

      (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

      (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

      (d)   For punitive damages;

      (e)   For such other and further relief as the Court may deem just and proper.

Date: May 8, 2013

                          __/s/ Jeremy S. Golden_____
                          Jeremy S. Golden,
                          Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 8, 2013

                          __/s/ Jeremy S. Golden_____
                          Jeremy S. Golden,
                          Attorney for Plaintiff